Hillsborough,
No. 4971.

MARY B. COTE *v.* ALBERT LEVESQUE.

Argued November 7, 1961.

Decided January 29, 1962.

*Albert Terrien* (by brief and orally), for the plaintiff.

*Guertin & Widener* (*Mr. Guertin* orally), for the defendant.

WHEELER, J. This court in the previous transfer of this case sustained the findings, rulings and decree of the Court below with respect to the property involved, the pertinent parts of which were as follows:

"The Court finds that the petitionee contributed nothing to the purchase of the joint property. The Court further finds that while the purchase of the property in joint tenancy was not founded upon any express promise of the petitionee to act as housekeeper for petitioner so long as he should live, neither was it intended as an outright gift but rather upon the promise that petitioner and petitionee should live out their lives in a common law husband and wife relationship.

"The Court rules that the creation of the joint tenancy relationship was based upon the meretricious relationship of the parties and that neither petitioner nor petitionee is entitled to enforce any rights in the property in a court of equity; therefore, the petition is dismissed." *Levesque* v. *Cote*, *supra*, 298, 299.

The subsequent conveyance by the plaintiff of her interest in the property to her daughter and the simultaneous reconveyance of the same property could not endow the plaintiff with any greater right to obtain the relief sought by these proceedings than Levesque had in the prior case.

*Petition dismissed.*

DUNCAN, J., dissented; the others concurred.

DUNCAN, J., *dissenting:* Our decision in *Levesque* v. *Cote*, 102 N. H. 297, left the title to the real estate in question in joint tenancy, where it was found. It is not my understanding, however, that the decision purported to hold that the parties would forever after be barred from enforcing in the courts any of the incidents of title so held, especially if those rights were enforceable without the aid of equity. See *Hale* v. *Jaques*, 69 N. H. 411. In my opinion the plaintiff herein is now entitled to partition as a tenant in common (*Mulvanity* v. *Nute*, 95 N. H. 526, 528), and as such, to one-half of the proceeds of any partition sale of the premises in accordance with the presumption that the interests of cotenants are equal. 86 C.J.S. 378. The prior decision precludes the defendant herein from establishing that his interest is any greater than one-half by reason of any expenditures made by him prior

thereto in furtherance of the illegal agreement. *Levesque* v. *Cote, supra.*

In consistency, I would also permit the plaintiff to recover one-half of the net income received by the defendant from the property since that decision. See *Zytka* v. *Dmochowski,* 302 Mass. 63.

As I view the decision reached today by the majority, it permits the defendant to appropriate to himself the full use and income of the property which the previous decision had the effect of denying to him.